UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JS-6

| | |
|---|---|
| VEGA HOLDINGS, LLC, SERIES 5,<br><br>Plaintiff,<br><br>v.<br><br>IGOR GADAEV, ROCKY BOWMAN, and Does 1-10, Inclusive,<br><br>Defendants. | Case No. CV 16-4004-ODW (RAOx)<br><br>**ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED** *IN FORMA PAUPERIS* |

**I.**

**FACTUAL BACKGROUND**

On April 6, 2016, Plaintiff Vega Holdings, LLC, Series 5 ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Igor Gadaev, Rocky Bowman, and Does 1 to 10 (collectively, "Defendants"). (Notice of Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl."), Dkt. No. 1.) Plaintiff alleges that it is the landlord of real property located in Hollywood, California ("the property"). (Compl., ¶¶ 3, 4.) Plaintiff further alleges that Defendants have failed to pay their rent for leasing the property and have not vacated the property. (*See id.*, ¶¶ 6-7, 10, 17.)

On June 7, 2016, Defendant Rocky Bowman (hereinafter, "Bowman") filed a Notice of Removal, invoking the Court's federal question jurisdiction. (Removal at

2.) In addition, Bowman filed an application for *in forma pauperis* status. (Dkt. No. 2.)

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Here, the Court's review of the Notice of Removal and the attached Complaint makes clear that this Court has neither federal question nor diversity jurisdiction over the instant matter. Plaintiff could not have brought this action in federal court, in that Plaintiff does not allege facts supplying either federal question or diversity jurisdiction, and therefore removal was improper. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

///

There is no federal question apparent on the face of Plaintiff's Complaint. It states only a simple claim for unlawful detainer which is a state law cause of action. *See, e.g.*, *Wescom Credit Union v. Dudley*, Case No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, Case No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

Bowman contends that federal question jurisdiction exists because the enactment of the Protecting Tenants at Foreclosure Act of 2009 ("PTFA") preempted state law in this subject matter. (Removal, ¶ 6.) However, the PTFA does not create a private right of action; rather, it provides a defense to state law unlawful detainer actions. *See Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1164 (9th Cir. 2013) (affirming dismissal of the complaint because the PTFA "does not create a private right of action allowing [plaintiff] to enforce its requirements"). Moreover, it is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393. Thus, even if Bowman's defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. *See id.* Because Plaintiff's Complaint does not present a federal question, the court lacks jurisdiction under 28 U.S.C. § 1331.

Furthermore, Bowman does not assert that the Court has diversity jurisdiction. Even then, there is no basis for diversity jurisdiction because the amount in controversy does not exceed the threshold of $75,000. *See* 28 U.S.C. § 1332(a). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than

that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961); *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007), *overruled on other grounds by Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977, 980-81 (9th Cir. 2013). In filing the action, Plaintiff explicitly limited its demand for damages to less than $10,000.00. (*See* Compl. at 1.) Because the amount of damages that Plaintiff seeks appears to be below the jurisdictional minimum, the Court cannot exercise diversity jurisdiction in this case.

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles forthwith.

IT IS FURTHER ORDERED that Defendant Rocky Bowman's Application to Proceed Without Prepaying Fees or Costs is DENIED as moot.

IT IS SO ORDERED.

DATED: June 10, 2016

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

4